a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **GREGORY JOSEPH GOUGH #457420,** Petitioner | **CIVIL DOCKET NO. 1:23-CV-00518 SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **STATE OF LOUISIANA,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Gregory Joseph Gough ("Gough"). Gough is incarcerated at the Grant Parish Detention Center. He challenges a conviction in the 35th Judicial District Court, Grant Parish.

Because the Court lacks jurisdiction, the Petition (ECF No. 1) should be DISMISSED WITH PREJUDICE.

I. **Background**

On January 14, 2016, Gough pleaded guilty to attempted simple escape. ECF No. 1-2 at 166. He was sentenced to two and one-half years of imprisonment, suspended, and three years of probation. Gough was ordered to comply with mental health treatment and not possess weapons. *Id.* at 169. He was released to the custody of his parents. ECF No. 1-2 at 106.

1

The same day he was released, Gough was arrested by the Grant Parish Sheriff's Office. ECF No. 1-2 at 106. The court sentenced Gough to a "90-day turnaround." *Id.* at 107. On February 19, 2016, Gough pleaded guilty to resisting a police officer. *Id.*

Gough failed to report to his probation officer, so he was arrested again. On June 26, 2017, the trial court revoked probation and ordered Gough to serve the original sentence of two and one-half years. ECF No. 1-2 at 109. After completing his sentence, Gough was released from custody on January 10, 2018. He was immediately hospitalized and remained hospitalized intermittently throughout 2018-2019. *Id.*

On October 23, 2019, Gough filed a motion to withdraw his prior guilty pleas. The trial court construed the motion as an untimely application for post-conviction relief. ECF No. 1-2 at 128. The Louisiana Third Circuit Court of Appeals denied writs because Gough was no longer in custody. *Id.* at 162. The Louisiana Supreme Court also denied writs because the application was not timely filed in the district court and Gough failed to carry his burden to show that an exception applied. *State v. Gough*, 2021-01016, p. 1 (La. 10/5/21); 325 So.3d 363 (citing La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189).

II. <u>Law and Analysis</u>

The "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional: "Federal district courts do not have jurisdiction to entertain [§] 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks." *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng v. Cook*, 490 U.S. 488 (1989)); *Lacy v. Smith*, 7:21-CV-00068, 2022 WL 877113, at *1–2 (N.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 877362.

A petitioner does not satisfy this jurisdictional requirement if he files a petition challenging a conviction for which his sentence has expired or been discharged. *See Hendrix*, 888 F.2d at 338; *see also Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed . . . [as] required not only by the repeated references in the statute, but also by the history of the great writ."); *Romero v. Davis*, 813 F. App'x 930, 932 (5th Cir. 2020) ("State prisoners seeking federal habeas relief must be in custody for the conviction or sentence under attack at the time habeas relief is sought."); *Lacy*, 2022 WL 877113 at *2. Such an improperly filed petition should be dismissed with prejudice. *Hendrix*, 888 F.2d at 337-38 (affirming dismissal with prejudice); *Acosta v. Texas*, 16-50883, 2017 WL 4574617, at *1 (5th Cir. 2017) (same); *see also Lacy*, 2022 WL 877113 at *2; *Garza v. Stephens*, 2016 WL 1622612, at *2 (S.D. Tex. 2016) (recommending dismissal with prejudice), *report and recommendation adopted*, 2016 WL 1629361.

3

Gough does not satisfy the "in custody" requirement because he is not incarcerated pursuant to the judgments of conviction he challenges. *See* 28 U.S.C. § 2254(a). Therefore, the Court lacks jurisdiction to review the Petition. *See Hendrix,* 888 F.2d at 337-38; *Garza*, 2016 WL 1622612, at *2; *Lacy*, 2022 WL 877113.

## III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and

Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Wednesday, May 10, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE